UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
STEPNEY JONES,

                                 Plaintiff,

                 -against-

SUFFOLK COUNTY SHERIFF DEPARTMENT,

                                 Defendant.
-------------------------------------------------------------------X

**FILED**
**CLERK**

1/8/2018 5:04 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**<u>ORDER</u>**
17-CV-6056 (JMA)(SIL)

**AZRACK, United States District Judge:**

On October 16, 2017, incarcerated *pro se* plaintiff Stepney Jones ("plaintiff") filed a complaint in this Court against the Suffolk County Sheriff's Department ("SCSD"). At the time the complaint was filed, plaintiff did not pay the Court's filing fee nor did he file an application to proceed *in forma pauperis* nor the required Prisoner Litigation Authorization form ("PLRA"). Accordingly, by letter dated October 17, 2017, plaintiff was instructed to either remit the filing fee or complete and return the enclosed *in forma pauperis* application and PLRA within fourteen days in order for the case to proceed. (See ECF No. 3.) On October 25, 2017, plaintiff filed a timely application to proceed *in forma pauperis* as well as the PLRA. (See ECF Nos. 6-7.)

Upon review of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified by his financial status to commence this action without prepayment of the filing fee and therefore the Court grants plaintiff's request to proceed *in forma pauperis.* However, the Court *<u>sua</u> <u>sponte</u>* dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(1) for the reasons that follow.

# I.  BACKGROUND[1]

Plaintiff's brief complaint is submitted on a New York State Supreme Court Notice of

Claim form[2], and alleges the following claim, in its entirety:

> Body injure claim.  The nature of the claim is that the respondent failed to maintain
> an safe environment in my daily activities.  As such, claimant now seeks monetary
> judgment against respondent ($50,000).   On 8/26/17 at approx. 8:50 p.m. at
> Yaphank's Suffolk County Correctional Facility in housing Block South #2.  I was
> walking from the bathroom and slipped on the wet floor and landed on my back.

(Compl. at 1-2.)  As a result, plaintiff claims to have "middle and lower back pain and stiffness."

(Id. at 2.)

# II.  DISCUSSION

## A.  *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of the application to proceed *in forma*

*pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of

the filing fee.  28 U.S.C. § 1915(a)(1).  Therefore, plaintiff's application to proceed *in forma*

*pauperis* is granted.

## B.  Standard for Dismissal

The Prison Litigation Reform Act requires a district court to screen a civil complaint

brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any

portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon

which relief may be granted."  28 U.S.C. § 1915A(b)(1).  Similarly, pursuant to the *in forma*

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order.  See Rogers v. City of Troy, 148 F.3d 52, 58 (2d Cir. 1998) (finding that when reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept all material allegations as true).  Excerpts from the complaint are reproduced here exactly as they appear in the original.  Errors in spelling, punctuation, and grammar have not been corrected or noted.

[2] Given that plaintiff used a state court form and addressed the complaint to the County Attorney of Suffolk County and the Suffolk County Clerk of Court (see Compl. at 1), the Court inquired of plaintiff whether he intended to file the complaint in state court and instructed plaintiff to withdraw his complaint, in writing, if he did not intend to proceed in this Court.   (See ECF No. 3.)  To date, plaintiff has not done so.

*pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted).

The Supreme Court has held that *pro se* complaints need not plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Affording the *pro se* complaint a liberal construction, to the extent that plaintiff seeks to pursue a federal claim, such claim would arise under 42. U.S.C. § 1983 ("Section 1983").

**C.     Section 1983**

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).  In order to state a Section 1983 claim, a plaintiff must allege two essential elements.  First, the conduct challenged must have been "committed by a person acting under color of state law."  Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)).  Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States."  Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

**1.     Section 1983 Claim Against the SCSD**

Plaintiff names the SCSD as the sole defendant.  However, the SCSD is not a suable entity because it is merely an administrative arm of the County of Suffolk. "It is well settled that an entity, such as the Suffolk County [] [Sheriff's] Department is an 'administrative arm' of the same municipal entity as Suffolk County and thus lacks the capacity to be sued."  See Carthew v. Cnty. of Suffolk, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010); see also Sturgis v. Suffolk Cnty. Jail, 12-CV-5263, 2013 WL 245052, *2 (E.D.N.Y. Jan. 22, 2013) (sua sponte dismissing Section 1983 claims because "the Jail and SCPD are administrative arms of the County of Suffolk [] [and] lack the capacity to be sued."); Barreto v. Suffolk Cnty. Sheriff's Dept. et al., 10-CV-0028, 2010 WL 301949 (E.D.N.Y. Jan. 20, 2010) (sua sponte dismissing Section 1983 claims against the SCSD because it is a non-suable administrative arm of the County of Suffolk).

Therefore, plaintiff's Section 1983 claim against the SCSD is implausible as a matter of law and is therefore dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief. Given plaintiff's *pro se* status and the Court's obligation to liberally construe his allegations, the Court considers next whether the complaint alleges a plausible claim as against the municipality, Suffolk County.

## 2. Section 1983 Claims As Construed Against Suffolk County

It is well-established that a municipality, such as Suffolk County, may be liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights. See Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999). To establish the existence of a municipal policy or custom, the plaintiff must allege (1) the existence of a formal policy officially endorsed by the municipality, (2) actions taken or decisions made by an official with final decision making authority, (3) a practice so persistent and widespread that it constitutes a custom, or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees. Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 478 (E.D.N.Y. 2002); Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citations omitted). "[A] single incident in a complaint, especially if it involved only actors below the policy making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted).

Here, even affording the *pro se* complaint a liberal construction, there are simply no factual allegations from which the Court may reasonably infer that the conduct or inaction of

which plaintiff complains was caused by some policy or custom of Suffolk County. Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, plaintiff has not alleged a plausible Section 1983 claim against Suffolk County.

**D.  State Law Claims**

Given the nature of plaintiff allegations, it appears that plaintiff also seeks to allege state law negligence claims. Given the dismissal of plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over the state law claims and dismisses them without prejudice. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction. . . . "); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - - judicial economy, convenience, fairness, and comity - - will point toward declining to exercise jurisdiction over the remaining state-law claims.").

**E.  Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)). Indeed, a *pro se* plaintiff who brings a civil rights action "should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. N.Y. State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)). Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when

amendment would be futile." Id. (citation omitted).

Here, the Court has carefully considered whether plaintiff should be granted leave to amend his complaint. In an abundance of caution, plaintiff is granted leave to file an amended complaint in accordance with this Order. Any amended complaint must be clearly labeled "Amended Complaint", bear the same docket number as this Order, 17-CV-6056(JMA)(SIL), and shall be filed within thirty (30) days from the date of this Order. Plaintiff is cautioned that an amended complaint completely replaces the original. Therefore, plaintiff must include all claims against any defendants he seeks to pursue in the amended complaint. If plaintiff does not file an amended complaint within the time allowed, judgment shall enter and this case will be closed.

### III. CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted. However, plaintiff's complaint is dismissed *sua sponte* in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief. Plaintiff is granted leave to file an amended complaint in accordance with this Order. Any amended complaint must be clearly labeled "Amended Complaint," bear the same docket number as this Order, 17-CV-6056(JMA)(SIL), and shall be filed within thirty (30) days from the date of this Order. Plaintiff is cautioned that an amended complaint completely replaces the original. Therefore, plaintiff must include all claims against any defendants he seeks to pursue in the amended complaint. If plaintiff does not file an amended complaint within the time allowed, judgment shall enter and this case will be closed.

The Court declines to exercise supplemental jurisdiction over any remaining state law claims alleged in the complaint and therefore the state law claims are dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See <u>Coppedge v. United States</u>, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated:  January 8, 2018
        Central Islip, New York

   /s/ (JMA)          
Joan M. Azrack
United States District Judge
