```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
STEPNEY JONES,

                    Plaintiff,

    -against-                                              ORDER
                                                           17-CV-06056 (JMA) (SIL)
VINCENT F. DEMARCO and JOHN DOE
```
*as Warden of the Suffolk County Jail, in his official and individual capacities*,

                              Defendants.
-------------------------------------------------------X

FILED
CLERK
3/7/2019 3:07 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
STEPNEY JONES,

                    Plaintiff,

    -against-                          ORDER
                                       17-CV-06056 (JMA) (SIL)
VINCENT F. DEMARCO and JOHN DOE
as Warden of the Suffolk County Jail, in his official
and individual capacities,

                    Defendants.
-------------------------------------------------------X
```

**AZRACK, United States District Judge:**

On October 16, 2017, plaintiff commenced this action against defendants pursuant to 28 U.S.C. § 1983. (ECF No. 1.) On February 5, 2018, plaintiff amended his complaint. (ECF No. 13.) On August 31, 2018, defendants were duly served. (ECF No. 16.) On October 23, 2018, defendants filed a pre-motion letter concerning a proposed motion to dismiss. (ECF. No. 18.)

On December 14, 2018, the Court issued an Order directing plaintiff to respond to defendants' pre-motion letter. (ECF No. 20.) The Order stated that if plaintiff still intends to prosecute this lawsuit, he must, by December 21, 2018, respond to defendants' pre-motion letter and that failure to respond may result in dismissal of the entire action for failure to prosecute. To date, plaintiff has not responded to defendants' pre-motion letter or otherwise communicated with the Court.

Federal Rule of Civil Procedure 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating the court calendar congestion and protecting the party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)).  Generally, no single factor is dispositive.  Id. at 194.

Plaintiff has failed to respond the Court's Order.  The Court warned plaintiff that failure to respond could result in the dismissal of the case.  Plaintiff's failure to comply with the Court's Orders constitute grounds for dismissal.  Accordingly, this case is dismissed for failure to prosecute, and the Clerk of Court is directed to close this case.  The Clerk of the Court is respectfully directed to mail a copy of this Order to the plaintiff.

**SO ORDERED.**

Dated: March 7, 2019
Central Islip, New York

                                                       /s/ JMA
                                        Joan M. Azrack
                                        United States District Judge